White, C. J.
The plaintiff recovered a judgment against Jacob Hiler, in an action brought under section 7 of the act to provide against the evils resulting from the sale of intoxicating liquors, as amended April 18, 1870. 67 Ohio L. 102. After the recovery of the judgment the plaintiff instituted the present suit against Thomas Griffith, Francis Wedge, and Andrew Mahoney, to subject the real estate occupied and used by Hiler for the unlawful sale of intoxicating liquors at the time of the accruing of the cause of action for which the judgment was rendered. Hiler occupied the premises under a lease from Griffith and Wedge, and the petition charged them with knowingly permitting him, during his tenancy, to use the premises for such unlawful purpose. After the recovery of the judgment against Hiler, but before the bringing of the present suit, Griffith and Wedge conveyed the premises to Mahoney, who, for aught that appears in the petition, purchased the same in good faith, and at the time of the commencement of the suit, was still the owner thereof.
A demurrer to the petition was sustained by the court of Common Pleas, and the petition dismissed. The District Court, on error, affirmed the judgment. These judgments it is now sought to reverse.
The view we take of one of the questions raised by the demurrer, renders unnecessary a fuller statement of the case. The question is whether the judgment recovered against Hiler became a lien on the property in question of his lessors, Griffith and Wedge.
The counsel of the plaintiff not only affirm such to be the case, but they contend that the claim of the plaintiff against Hiler for which the judgment was rendered, became a lien on the property from the time her cause of action accrued.
We think no warrant is found in the statute for either of these claims.
It is true the statute declares that the property shall be held liable for the damages assessed against the occupier. But this liability is not spoken of in the sense of creating a *621 lien. It is expressly said the judgment shall be a lien upon the real estate of the judgment debtor, though his personal,, as well as his real estate is declared to be liable for the payment of the judgment. The property of every debtor, not exempt by law, is declared by statute to be- subject to the payment of' his debts, and liable to be taken in execution. But no lien is created on the property from the fact of such liability. To give the statute the construction contended for, would go far toward rendering titles insecure. No one could safely purchase real estate on the, faith of its appearing from the public records to be clear of liens and incumbrances. A purchaser would be compelled to take the risk of ascertaining, who had been the previous occupiers of the property, and whether any judgments or causes of action existed against them for the unlawful use of the property while in possession. Surely no such innovation upon the policy of the state, in regard to requiring liens upon real property to appear of record, could have been intended without an explicit legislative declaration to that effect. The statute in question contains no-such declaration. On the contrary, its fair construction clearly warrants the following conclusions :
1. That the lien of a judgment recovered under the act. referred to, is limited to the real estate of the judgment debtors.
2. That the provision in section 10 which declares that real estate not owned by the judgment debtor, shall be held liable for the payment of the judgment, is not designed, to create a lien on such property, but to authorize it to be-subjected to the payment of the judgment, in a suit against the owner instituted for the purpose.
3. That until the commencement of such suit, the judgment creditor acquires no interest in the property, and if, before the suit is brought, the property has been sold and-conveyed, it can not be subjected to the payment of the judgment.
It is to be observed that the case presents no question as- . to the effect of a collusive or fraudulent sale; nor are we- *622 called on to determine the effect that is to be given to the judgment, against a person who was not a party to the suit in which it was rendered.

Motion overruled.